# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DENNIS ZAMORA,

        Plaintiff,

v.                               No: 2012-CV-00550 MCA/CG

LAS CRUCES PUBLIC SCHOOL and
STAN ROUNDS (Individually),

        Defendants.

## ORDER DENYING MOTION TO QUASH SUBPOENA DUCES TECUM

**THIS MATTER** is before the Court on *Plaintiff's Motion to Quash Subpoena Duces Tecum* ("Motion"), filed on February 6, 2013, (Doc. 39), and *Defendants' Response in Opposition to Plaintiff's Motion to Quash Subpoena Duces Tecum* ("Response"), filed on February 25, 2013, (Doc. 46).  The Court has reviewed the filings and the relevant law and finds that Plaintiff's Motion is not well-taken and should be denied.

    Plaintiff has alleged that Defendant discriminated against him based on national origin, causing him mental anguish and emotional distress.  (Doc. 1).  Defendant discovered that in the past, Plaintiff has filed a similar lawsuit against a previous employer, the Las Cruces Police Department.  (Doc. 46 at 1-2).  Subsequently, Defendant served the Las Cruces Police Department with a subpoena for records that relate to Plaintiff's employment and the lawsuit against his previous employer.  (Doc. 39 at 1).  Plaintiff moves to quash the subpoena on the basis that the records subject to the

subpoena are not relevant to any matter or issue in the instant case. (Doc. 39 at 3). Plaintiff also asserts that the records are privileged. (Doc. 39 at 3-4).

Under Federal Rule of Civil Procedure 26, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . ." Fed. R. Civ. P. 26(b)(1). As Defendants point out, evidence of "Plaintiff's propensity to sue his employers for national origin discrimination is clearly relevant to the reasonableness of his current claims. . . . " (Doc. 46 at 6). Furthermore, Plaintiff's credibility has also become an issue due to his responses during his deposition as to the reason he was fired from the Las Cruces Police Department; these records may contain information about the reason he was terminated. (Doc. 46 at 2). The Court finds that the records being sought by Defendant are relevant to the issues in this case. Although Plaintiff asserted that the records are privileged, his Motion contains no description of "the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(d)(2)(A)(ii). The conclusory statement that the records are privileged does not provide sufficient support for Plaintiff's Motion. Therefore, the Court finds that the records are relevant and not privileged for the purposes of quashing the subpoena.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Quash Subpoena Duces Tecum is **DENIED.**

_____
 THE HONORABLE CARMEN E. GARZA
 UNITED STATES MAGISTRATE JUDGE